UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PINE RIVER PLASTICS, INC.

    Debtor,

_____/

SILVERMAN & MORRIS, P.L.L.C, as
LIQUIDATION TRUSTEE OF THE PINE
RIVER PLASTICS, INC. LIQUIDATION
TRUST AND DECLARATION OF TRUST,

    Plaintiffs,

v.                                                                    Case No. 08-15284

UNIFORM COLOR COMPANY                           HONORABLE AVERN COHN
SERVICES, LLC,

    Defendant.

_____/

## ORDER WITHDRAWING REFERENCE

I. Introduction

This is a bankruptcy case. The debtor, Pine River Plastics, Inc. ("Pine River") filed a voluntary petition for relief under Chapter 11 in the Bankruptcy Court. Plaintiff-trustee Silverman & Morris (the "Trustee") filed an Adversary Complaint against the defendant, Uniform Color Company Services, LLC. ("Uniform Color") alleging preferential and fraudulent transfers to Uniform Color in violation of 11 U.S.C. §§ 547, 548, and 550 and seeking $236,405.56.

Before the Court is Uniform Color's motion to withdraw the reference under 28

U.S.C. § 157(d) and (e), Fed. R. Bankr. P. 5011, and E.D. Mich. Bankr. L.R. 9015-1. For the reasons that follow, the motion will be granted.

## II. Background

On February 1, 2007, Pine River filed a voluntary petition under Chapter 11. On March 16, 2007, the Bankruptcy Court entered a Final Order. The Final Order, <u>inter alia</u>, authorized the establishment of a Trust and assignment of all post-petition liens and claims of Pine River, including those contained in Chapter 5 of the Bankruptcy Code (the "Avoidance Actions") to the Trust.

On June 1, 2007, the Bankruptcy Court approved the Joint Motion to Approve (1) the Liquidation Trust Agreement and Declaration of Trust; (2) Assignment of Avoidance Causes of Action and Claims Resolution Process by the debtor to the liquidation Trust; (3) other relief under the final financing order; and (4) the Trust and assignment of the Avoidance Actions to the Trust.

On November 2, 2007, Pine River filed a First Amended Combined Liquidation Plan and Disclosure Statement (the "Plan"). The Plan included an adoption of the assignment of the Avoidance Action and the Claims Resolution Process to the Trust. The Bankruptcy Court confirmed the Plan on January 14, 2008 in a Confirmation Order. On November 25, 2008, the Trustee filed an Adversary Complaint alleging preferential and fraudulent transfers to Uniform Color.

## III. Analysis

### A.

Congress authorized district courts to refer "any or all" bankruptcy related proceedings to bankruptcy judges for their district. 28 U.S.C. § 157(a). Consistent with

28 U.S.C. § 157(a), Eastern District of Michigan Local Rule 83.50(a)(1) says, "[u]nless withdrawn by a district judge, all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges." E.D. Mich. LR 83.50(a)(1).

Under 28 U.S.C. § 157(d):

> The district court <u>may withdraw</u>, in whole or in part, <u>any case or proceeding referred under this section</u>, on its own motion or on timely motion of any party, <u>for cause shown</u>. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.
> (Emphasis added)

Although neither 28 U.S.C. § 157(d) nor the Sixth Circuit defines "for cause shown," <u>see In re Skyline Concrete Floor Corp.</u>, 2008 U.S. Dist. Lexis 1137, 2008 WL 114462 and *2 (E.D. Mich. Jan. 8, 2008) (emphasis added) (citing <u>Venture Holdings Co., LLC. v. Millard Design Australia Pty., Ltd.</u>, 2006 U.S. Dist. LEXIS 12776, 2006 WL 800806 (E.D. Mich. March 6, 2006), two factors routinely considered to show "cause" include the right to a jury trial and the efficient use of judicial resources. <u>See</u> <u>In Re Pruitt</u>, 910 F.2d 1160, 1168 (3d Cir. 1990).

B.

With respect to the right to a jury trial, the general rule is that the Bankruptcy Court "may hear and determine all cases under title 11 and all <u>core proceedings</u> arising under title 11." 28 U.S.C. § 157 (emphasis added). A claim for avoidance of preferential or fraudulent transfer is generally considered a core proceeding. 28 U.S.C. § 157(b)(2)(F) ("Core proceedings include . . . proceedings to determine, avoid, or recover preferences") and 28 U.S.C. § 157(b)(2)(H) ("proceedings to determine, avoid,

or recover fraudulent conveyances"). However, the mere classification of a matter as a core proceeding cannot abolish a litigant's right to a jury trial under the Seventh Amendment. In re Silver Mill Frozen Foods, Inc., 80 B.R. 848, 853 (Bankr. W.D. Mich. 1987) (quoting Zimmerman v. Cavanagh (In the Matter of Kenval Marketing Corp.), 65 Bankr. 548, 15 B.C.D. 725, 728 (E.D. Pa. 1986)). If this were possible, Congress could nullify the Seventh Amendment simply by reclassifying every action out from under the Amendment's protection. Id. Second, Bankruptcy Law only allows a jury trial if "[the Bankruptcy Court is] specially designated to exercise such jurisdiction by [this Court] and with the express consent of all the parties." 28 U.S.C. § 157 (e). Moreover, courts have held that "a jury trial [may be] be held for [creditors] who have not filed claims on the estate, and a bench trial for those who have." In re Silver Mill Frozen Foods, Inc., 80 B.R. at 854.

Here, Uniform Color has a right to a jury trial and has stated that it will not consent to a jury trial before the Bankruptcy Court. It has also not filed a claim in the Pine River Bankruptcy or otherwise participated in the Pine River Bankruptcy. Thus, Uniform Color has established the cause required to withdraw the reference.

With respect to the efficient use of judicial resources, the Trustee contends that Uniform Color's request is premature and withdrawing the reference would be a waste of judicial resources. The Trustee cites In re Collins & Aikman Corp., No. 07-13926, (E.D. Mich. Jan. 31, 2008). In Collins, the district court denied a motion to withdraw the reference without prejudice because its ususal practice is to allow the Bankruptcy Court to manage all pre-trial matters and then reconsider the withdrawal issue once the case is ready for trial. While that may be the preference of another judge in this district, the

4

Court finds that judicial economy will be equally served by withdrawing the reference in this case at this time.

Accordingly, the motion to withdraw the reference is GRANTED. The Case Manager will set a status conference to chart the future course of the case.

SO ORDERED.

                          S/Avern Cohn
                          AVERN COHN
                          UNITED STATES DISTRICT JUDGE

Dated: February 9, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 9, 2009, by electronic and/or ordinary mail.

                          S/Julie Owens
                          Case Manager, (313) 234-5160